*G. V. Hawk & Son, for appellants.*
*Gibson & Son, for appellees.*

---

## C. W. NUCKOLS, &c. *v.* MARY C. NUCKOLS.

**Wills—Devise.**

    A will examined and construed to give a son's wife and children certain property in fee, subject to payment of taxes and expenses accrued at the death of the testator.

APPEAL FROM WOODFORD CIRCUIT COURT.

January 10, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

The construction of the fifth clause of the will of Samuel Nuckols is the only question presented in this controversy. This clause of the will is as follows: "In consequence of sundry amounts of money loaned, and paid out, for our son George L., and he to secure the same to me, did, deed a large number of lots, in the town of Faubant, in the State of Minnesota, to me, as the deeds now in my possession will show. Now, as I have charged to said George L., in my account book referred to, the amounts so loaned, and advanced to him, as so much of my estate, and for the same purpose I have received recently of William M. Butts of Memphis a deed for some seventy-five or eighty acres of land lying near Raleigh, Shelby county, Tennessee, it is my will and desire that my executor, hereinafter named, convey to Sarah C., wife of said George L., said lots in Faubant, Minnesota, and that he also convey said tract of land as named above in Tennessee to the trustee named above, for the use and benefit of the children of said George L. I here state that four of said lots in Faubant Minnesita, have been sold by me, and the proceeds paid over to said Sarah C. And

I desire that any expenses or taxes, that may be due at my decease, be paid to my executor when he. conveys the same to Sarah C. and her children." The devisor's son, George, seems to have been unfortunate in his business affairs, as the will recites, and his father mistrusting his ability to manage his portion of the estate or by reason of his pecuniary embarrassments, undertakes to secure to this son for his benefit, and that of his wife and children certain property. This property, which consists of one-fourth of his estate, after equalizing all the children by charging them with advancements made them, he devises to a trustee, to be held in trust for the use of his son, and his family, including his son's wife, and in no event to be made liable for his son's debts. This devise is contained in the third clause of the will. Now the devisor, after thus securing his son's family in this property, proceeds in the fifth clause of the will already quoted to devise the town lots in Minnesota and the Tennessee land. The town lots he devises specially and unconditionally to Mrs. Nuckols, his son's wife, in her own right and directs her executor to make her a conveyance, and in the disposition of the Tennessee land, he directs it conveyed to the trustee named in the third clause of the will for the benefit of his son's (George) children. After making these devises he proceeds to direct his executor, in the latter part of this fifth clause, what he must require of these devises, before he executes the conveyances, and that is, he must be paid what expenses and taxes has been paid out, on account of these lands, when he conveys the same to Sarah C. and her children. What he means by this direction to the executor (and it is a mere direction and not a devise) is, that he must require this payment of expenses, when he conveys the lots to Mrs. Nuckols, and the Tennessee land to the children. This construction of the will is fortified by an additional statement of the devisor to be found in the same clause, where he says he has sold four of the lots and paid to Sarah C. the proceeds, showing clearly his intention that she should be the sole owner of these lots. The judgment of the court below is affirmed.

*Porter & Wallace, for appellants.*
*Thornton & Amsden, for appellee.*